Mr. Justice Merrick
delivered the opinion of the court.
This is an appeal from the equity court in a case where there was a hill filed by Osborn against his partner, Gheen, for the settlement of accounts between them. It seems from the record that there had been a settlement between them some years before the bill was filed, an equal, fair adjustment, which they acquiesced in for some time.
In the progress of events, however, Osborn became dissatisfied with that settlement and filed a bill to open it and surcharge and falsify, upon the ground of mistake, saying that the settlement was not a true and just settlement. To that an answer was put in by Gheen, admitting that the settlement was not correct, and agreeing that the whole partnership account should be restated and gone into. Thus by common consent the former settlement was thrown aside and a new accounting held under the order of the court in the presence of the auditor.
In that accounting the auditor allowed to the complainant interest upon his proportion of the capital, and disallowed certain claims on the part of Gheen, the respondent, which had never been introduced into the cause before and which he had discovered amongst his papers since the orders of reference and had the proper vouchers for as to certain payments to the amount of three thousand and odd dollars made to his partner, which, by some omission, had not been introduced into the first account. There were four items. Amongst them was a check drawn in favor of Osborn upon the bank, paid by the bank, but never indorsed by Osborn or anyone else.
*193 The auditor allowed interest upon the complainant’s share of the capital, allowed to the respondent three of the checks which had been referred to, and disallowed the other check for $1,925, because it had never been indorsed by the payee.
Upon exceptions made by the respondent to the report, the court overruled the conclusions of the auditor, disallowed the interest and also directed the allowance of the payment of the check of $1,925, it appearing to have been paid, although it had never been indorsed by the payee or anybody else.
From that action an appeal is taken, and the question before the court here is simply whether the .disallowance of the interest by the chancellor was proper, and whether the allowance of the check for $1,925, notwithstanding the want of indorsement, was also proper.
There were various objections taken by the appellant over and above these; but, inasmuch as the appellant did not except to the report of the auditor, the court, in General Term, thinks he cannot here attack a report to which he did not make proper exception. But he has a standing in court with regard to these two points, because the adjudication of the court comes up on exceptions made by his adversary, which exceptions were sustained.
The court in reviewing the case is entirely satisfied that the court below was right in its action.
The general principle of law must operate unless there be something peculiar in the terms of the partnership contract to vary it. That general principle is to this effect, that where partners contribute to the capital of the concern, although in unequal proportions, interest does not run in favor of either, upon his share of the capital. If he makes advances in the progress of the partnership concern and in the nature of loans to the partnership, of course he would be entitled to interest as between himself and his co-partner, upon the settlement of the accounts, as would any other lender to the partnership.
But so far as the original capital is concerned, although unequal proportions are contributed by the partners, the *194 rule of partnership law does not admit of the allowance of interest unless there be something in the partnership articles taking the case out of the operation of the ordinary rule, because each partner is presumed to look to his share of profits for his compensation and not to count upon interest as making any element of his profits. The court was therefore right in disallowing the interest on the item mentioned in the exception.
The court was also entirely right in directing- the allowance of the check for $1,925, which was paid by the bank, although it was not indorsed by the payee. There is no necessity at all for the legal operation of a payment that the payee should indorse the paper. All that he has to do is to receive the money. The party to whom it is directed is ordered to pay so much money to him.
All that the drawee has to do, therefore, is to satisfy himself that when the order is presented the true and proper person is there at hand to receive the paymeut and to receipt for it. It is true it is common for the payee to indorse in blank at the bank, or for the holder of an instrument to indorse in blank when he receives payment, as a voucher for the payment.
But a voucher is not necessary, nor is a receipt necessary to give validity to a payment. The bank makes the payment, of course, at its peril, if the payee shall afterwards challenge the payment and say the money was not paid to him, but to somebody else. Then it is a mere question of identity as between the payee and the bank; but it (foes - not go to the legal integrity of the instrument.
The bank upon whom the note or hill of exchange is drawn is authorized and required to pay the money to the payee, knowing him to be the identical man indicated, without any indorsement and without any. .receipt. Beyond that, a prudent man might well hesitate to indorse a paper which was given to him to be paid at the bank for this reason: that if he indorsed it in blank and without qualification, if the bank pleased, it could, as we know banks some *195 times do, put that paper into circulation again; and if it should get into the hands of a bona fide holder, he might hold the payee responsible upon his blank indorsement. Therefore a prudent man might properly decline to indorse, in the legal sense of the term, a paper when it was paid to him. He should receipt it as a matter of satisfaction between him and the other; but he should qualify his indorsement by some word or sign or indication that he did not mean to throw the paper into circulation again, hut meant to make his name upon it only the representative of the fact that it had been paid to him, and that the functions of the paper had ceased and become entirely extinct.
Therefore the auditor was entirely wrong, and there was no basis for his rejection of this paper, coming from the proper repository, with the marks of payment upon it. The absence of the indorsement was not a sufficient justification for refusing to regard it as a voucher. The court below was right as to that item, as well as to all the others.
The decree is affirmed, with costs in favor of the appellee.